**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 25 2014, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**PATRICK B. MCEUEN**
McEuen Law Office
Portage, Indiana

ATTORNEYS FOR APPELLEE:

**JULIA BLACKWELL GELINAS**
**DARREN A. CRAIG**
Frost Brown Todd LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FREDERICK CASHNER, SR. and LUCILLE CASHNER, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 64A04-1311-PL-555 |
| | ) | |
| WESTERN-SOUTHERN LIFE ASSURANCE COMPANY, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William A. Alexa, Judge
Cause No. 64D02-1302-PL-1918

**September 25, 2014**

**MEMORANDUM DECISION FOR REHEARING - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

In a June 25, 2014 unpublished memorandum decision, this court affirmed the trial court's grant of a motion for costs and attorney fees filed by Western-Southern Life Assurance Company (Western-Southern). The trial court's ruling was based upon its determination that the Cashners continued to litigate their counterclaim for bad faith after it became frivolous, unreasonable, or groundless. The Cashners seek rehearing upon two grounds. We summarily reject the first contention, which involves the viability of their argument that *Cain v. Griffin*, 849 N.E.2d 507 (Ind. 2006) did not defeat their counterclaim. We grant rehearing to address their second contention, which is that our discussion included incorrect dates for two matters of procedural history.

In our statement of the facts, we correctly noted that Western-Southern's motion to dismiss was filed on May 23, 2013 and granted on June 4, 2013. Later in the opinion, however, we mistakenly indicated that the trial court did not rule upon the motion for four months. We also indicated that the Cashners filed their motion to correct error after the trial court awarded attorney fees to Western-Southern, when in fact the motion to correct errors was filed after Western-Southern submitted the request for fees, but before the trial court granted that request. We grant the petition for rehearing for the sole purpose of correcting those misstatements, but our conclusions are unaffected.

The trial court granted attorney fees because the Cashners continued to litigate their counterclaim for bad faith after they knew or should have known that it was frivolous, unreasonable, or groundless. Western-Southern apprised them of such grounds on or about May 3, 2013. On the facts of this case and pursuant to *Cain*, there was simply no viable

2

bad-faith case to be made against Western-Southern following its filing of the interpleader action. Yet, the Cashners thereafter ignored Western-Southern's request to voluntarily dismiss their case alleging bad faith. This required Western-Southern to expend legal fees in order to defeat the Cashners' claim in a court of law, initially by filing a motion to dismiss. The trial court granted that motion, to which the Cashners responded by filing a motion to correct error. We affirmed upon our conclusion that the Cashners knew or should have known on or about May 3, 2013 that their counterclaim for bad faith was groundless pursuant to *Cain*. The two inaccuracies cited by the Cashners are not material to that conclusion.

MATHIAS, J., and PYLE, J., concur.